**TRW TITLE INSURANCE COMPANY, Plaintiff,**

v.

**SECURITY UNION TITLE INSURANCE COMPANY, Defendant/Third Party Plaintiff,**

v.

**LIBERTY NATIONAL TITLE INSURANCE COMPANY d/b/a Liberty Title Insurance Company and Edward G. Wells, Third Party Defendants.**

No. 93 C 7555.

United States District Court, N.D. Illinois, Eastern Division.

May 5, 1995.

William J. Holloway, Hinshaw & Culbertson, Chicago, IL, for plaintiff.

Barrie Laine Brejcha, Baker & McKenzie, Chicago, IL, for defendant.

Gary W. Leydig, Levin, McParland, Phillips, Leydig & Haberkorn, Chicago, IL, for third-party defendant.

Edward Wells, Palatine, IL, third-party defendant, pro se.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

TRW Title Insurance Company ("TRW") seeks to bar the proposed expert of Security Union Title Insurance Company ("Security"), Ben W. Perks, from testifying in this case. TRW argues that Mr. Perks' testimony is neither relevant nor expert on the issue about which he has rendered an opinion. TRW's motion to exclude Mr. Perks' expert testimony is granted.

Issues related to expert opinion testimony are matters of law to be determined by the trial judge. *Bradley v. Brown*, 42 F.3d 434, 436 (7th Cir.1994). A "trial judge must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Frymire–Brinati v. KPMG Peat Marwick*, 2 F.3d 183, 186 (7th Cir.1993) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, —— U.S. ——, ——, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993)). The proponent of the proffered expert testimony, *i.e.*, Security in the present case, bears the burden of establishing its admissibility by a preponderance of the evidence. *Bradley v. Brown*, 852 F.Supp. 690, 697 (N.D.Ind.), *aff'd.*, 42 F.3d 434 (7th Cir.1994) (citation omitted).

Federal Rule of Evidence 702 permits expert testimony that "will assist the trier of fact to understand the evidence or to determine a fact in issue." TRW argues that Mr. Perks' first opinion that "TRW Kansas could easily have avoided inheriting any alleged escrow account deficit when it undertook an agency relationship with Liberty" cannot be admitted under a failure to miti-

gate damage defense because TRW did not know of the escrow account shortage before February, 1991, and consequently could not have mitigated its damages by "avoid[ing] inheriting" the alleged escrow account shortage. Under Illinois law, a plaintiff has a duty to mitigate damages only after an injury has occurred. *Blommer Chocolate Co. v. Bongards Creameries, Inc.*, 644 F.Supp. 234, 238 (N.D.Ill.1986); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Devon Bank*, 832 F.2d 1005, 1011 (7th Cir.1987), *cert. denied*, 485 U.S. 1008, 108 S.Ct. 1473, 99 L.Ed.2d 702 (1988). Accordingly Mr. Perks' first opinion is not admissible on this basis.

■ Security argues that Mr. Perks' opinion is relevant to its defense that TRW assumed the risk of the escrow account deficit. Assuming that assumption of the risk could ever be a defense in an action for subrogation or breach of fiduciary duty, an assumption of the risk defense can prevail only if the plaintiff subjectively knew of the risk when agreeing to encounter it. *Skonberg v. Owens–Corning Fiberglas Corporation*, 215 Ill.App.3d 735, 576 N.E.2d 28, 35, 159 Ill.Dec. 359, 366 (1st Dist.1991). Although a trier of fact is not required "to accept a plaintiff's testimony that he was unaware of the danger, if, in light of all the evidence, he could not have been unaware of the hazard," *id.*, it is undisputed that TRW did not know of the escrow shortage until February, 1991 (Security's Local Rule 12(m) Statement in Support of its Motion for Summary Judgment, ¶¶ 69, 70, p. 13; TRW's Response to Security's Local Rule 12(m) Statement, ¶¶ 69, 70, pp. 25–26), and Security has not presented any evidence showing that TRW knew of a risk that the escrow account was underfunded when contracting with Liberty in December, 1989. Thus, Security may not defend on an assumption of the risk theory. By failing to demonstrate that Mr. Perks' first opinion is relevant to any issue in the case, Security has not established that the opinion "will assist the trier of fact to understand the evidence or to determine a fact in issue." Accordingly, Security has not carried its burden of showing that Mr. Perks' first opinion is admissible.

■ Mr. Perks offers a second opinion that "TRW Kansas' recoupment of assets from Edward Wells and Liberty offset the entirety of the allegedly inherited escrow deficit." This opinion is based solely on deposition transcripts and exhibits. All that Mr. Perks does is add the value of Liberty as stated by TRW in writing to the New York State Insurance Department, an amount TRW received from the sale of Mr. Wells' real property and an amount said to be recovered on certain escrow transactions, and opine that TRW has therefore recouped all of its alleged losses. Mr. Perks provides no principle of accounting or financial reporting in either his Rule 26(a)(2)(B) report or his deposition supporting his opinion.

> The touchstone of admissibility under Rule 702 is helpfulness to the jury ... An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate that opinion; the opinion must be an *expert* opinion (that is, an opinion informed by the witness' expertise) rather then simply an opinion broached by a purported expert.

*U.S. v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991). I agree that to the extent someone has to interpret accounting entries to ascertain amounts received by TRW, Mr. Perks presumably is qualified to testify. On this record, however, I do not see any need for an expert's opinion that TRW has recouped all of its damages. At least apart from the amounts received from the escrow transactions, the two dollar amounts that Mr. Perks would testify about are apparently stated in documents that need no interpretation in order to reach conclusions on the amounts. One is the sales figure received on the sale of Mr. Wells' property. The other is a figure stated by TRW in a letter in which TRW says 'this is the value we place on Liberty.' It may be minimally helpful to the jury to allow Mr. Perks to add the figures together. However, Mr. Perks' Rule 26 report offers no basis for his further "expert" opinion that TRW therefore recouped all of its losses other than a reliance on a TRW exhibit that allegedly states that conclusion. If TRW did say this, Security may argue it to the jury. It is not, however, a basis upon which an accountant can offer an expert opinion. Ac-

cordingly, Mr. Perks' "expert" opinion will be excluded because it does not rely on any expertise but is comprised of inferences from the record that he is no more qualified than the jury to draw. *See Id.; Mid–State Fertilizer Co. v. Exchange National Bank of Chicago,* 877 F.2d 1333, 1340 (7th Cir.1989); *Mercado v. Ahmed,* 974 F.2d 863, 870–71 (7th Cir.1992).

Mr. Perks would also testify that there was no increase in the value of Liberty between May, 1991 and June, 1992. Apparently, this opinion would be offered to show that TRW did not do a better job at managing Liberty than Mr. Wells did. Assuming that Mr. Perks has a competent basis for this opinion, however, it has not been shown to be relevant to any issue in the case.